UNITED STATES of America,
Plaintiff-Appellee

v.

Juan LOREDO-LOPEZ, Defendant-
Appellant

No. 16-11277
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed May 3, 2017

James Wesley Hendrix, Assistant U.S.
Attorney, U.S. Attorney's Office, Northern
District of Texas, Dallas, TX, for Plaintiff-
Appellee

Kevin Joel Page, Federal Public Defend-
er's Office, Northern District of Texas,
Dallas, TX, for Defendant-Appellant

Before DAVIS, SOUTHWICK, and
HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit
Judge: *

Juan Loredo-Lopez appeals his 41-
month, above-guidelines sentence for ille-
gally reentering the United States after
deportation, which the district court im-
posed upon finding that a sentence within
the advisory range would not adequately
reflect the seriousness of Loredo-Lopez's
criminal history. Further, the district court
observed that none of Loredo-Lopez's pre-
vious removals had deterred him from
reentering the United States illegally. *See*

U.S.S.G. § 4A1.3(a). Citing the rule of *Ap-
prendi v. New Jersey*, 530 U.S. 466, 490,
120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),
Loredo-Lopez contends that the district
court violated his Fifth and Sixth Amend-
ment rights because its decision to vary
upwards was made absent a jury finding
as to the fact of his prior criminal conduct.
The Government moves for summary affir-
mance, arguing that Loredo-Lopez's argu-
ment is foreclosed by *United States v.
Tuma*, 738 F.3d 681 (5th Cir. 2013), and
*United States v. Bazemore*, 839 F.3d 379
(5th Cir. 2016). Loredo-Lopez contends
that the Supreme Court's recent decision
in *Hurst v. Florida*, —— U.S. ——, 136
S.Ct. 616, 193 L.Ed.2d 504 (2016), calls
*Tuma* into question.

In *Tuma*, this court held that a district
court may make findings of fact that in-
crease a defendant's sentence if those facts
do not expose the defendant to a mandato-
ry minimum sentence. 738 F.3d at 693. In
*Hurst*, the Supreme Court invalidated
Florida's hybrid capital sentencing scheme
in which "the maximum sentence a capital
defendant [could] receive on the basis of
the [jury] conviction alone [was] life im-
prisonment," and the defendant could re-
ceive a death sentence only if the court
made additional findings at a subsequent
sentencing proceeding. 136 S.Ct. at 620–21.
In *Bazemore*, however, this court rejected
an argument similar to Loredo-Lopez's,
explaining that *Hurst* "applies only to stat-
utory schemes in which judge-made find-
ings increase the maximum sentence that a
defendant can receive." 839 F.3d at 392–93.
Because Loredo-Lopez's 41-month sen-
tence neither implicates a mandatory mini-
mum nor exceeds the statutory maximum,
it raises no Sixth Amendment concerns.
Consequently, the Government is "clearly

---

right as a matter of law" such that "there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Loredo-Lopez concedes that his argument is foreclosed, and he raises it only to preserve the issue for future review.

Accordingly, IT IS ORDERED that the Government's motion for summary judgment is GRANTED. Its alternative motion for an extension of time to file a brief on the merits is DENIED. The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.